IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

HATTIE L. THOMAS,            )
                             )
          Plaintiff,         )
                             )
     v.                      )    1:11CV605
                             )
SANTANDER CONSUMER USA,      )
                             )
          Defendant.         )

**MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

The instant matter comes before the undersigned United States Magistrate Judge for a recommended ruling on Santander Consumer USA, Inc.'s Motion for Summary Judgment (Docket Entry 13). For the reasons that follow, the Court should grant Defendant's instant Motion in part and deny it in part.

Background

Plaintiff's Complaint, filed with this Court pro se, alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq., against Santander Consumer USA, Inc. ("Santander"). (See Docket Entry 2.) Plaintiff's allegations relate to a perceived failure on the part of Santander - holder of Plaintiff's account related to a vehicle purchase - to adequately investigate, and to refrain from reporting, Plaintiff's disputed ownership of said account. (See Docket Entry 2, ¶¶ 7, 23.) Specifically, Plaintiff alleges:

Defendant violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. § 1681s-2 and 168H:

a. Willfully and/or negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

b. Willfully and/or negligently failing to review all relevant information concerning Plaintiffs [sic] accounts which was provided to Defendants;

c. Willfully and/or negligently reporting the inaccurate status of the information to all credit reporting agencies;

d. Willfully and/or negligently failing to properly participate, investigate and comply with the re-investigations that were conducted by any and all Credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

e. Willfully and/or negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff, despite knowing that said information was inaccurate;

f. Willfully and/or negligently failing to comply with the requirements imposed on furnishes [sic] of information pursuant to 15 U.S.C. § 1681s-2; and/or

g. Willfully and/or negligently failing to comply with the requirements imposed on consumer reporting agencies pursuant to 15 U.S.C. § 1681i.

(Id., ¶ 23.)

The matter now comes before the undersigned United States Magistrate Judge on Santander's instant motion for summary judgment (Docket Entry 13) which moves the Court to find for Santander as a

matter of law (Docket Entry 14 at 1) and to award Santander "compensation for the attorney's fees it has incurred" pursuant to 15 U.S.C. §§ 1681n(c) and 1681o(b) (Docket Entry 14 at 2).[1] The Clerk mailed Plaintiff a letter explaining that Plaintiff had "the right to file a 20-page response in opposition to [Santander's instant Motion] . . . ." (Docket Entry 15 at 1.) The letter specifically cautioned Plaintiff that her "failure to respond or, if appropriate, to file affidavits or evidence in rebuttal within the allowed time may cause the court to conclude that the defendant's contentions are undisputed and/or that [she] no longer wish[es] to pursue the matter. Therefore, unless [she] file[s] a response in opposition to the defendant's motion, it is likely [her] case will be dismissed or summary judgment granted in favor of the defendant." (Id.) Despite these warnings, Plaintiff has not filed a response to Santander's instant Motion. (See Docket Entries dated Dec. 1, 2011, to present.)

Summary Judgment

Plaintiff's case warrants a finding of summary judgment for Santander both because of Plaintiff's failure to respond to the instant Motion and because there is no genuine issue of material

---

[1] Although Santander's motion cites 15 U.S.C. § 1681o(c), the undersigned interprets it as a motion for relief under 15 U.S.C. § 1681o(b), which allows the Court to award attorney's fees upon a finding that a pleading was filed "in bad faith or for purposes of harassment." 15 U.S.C. § 1681o(b). There is not a subsection (c) within 15 U.S.C. § 1681o.

-3-

fact and Santander is entitled to judgment as a matter of law pursuant to Fed. R. Civ. P. 56.

Under this Court's Local Rules, failure to respond to a motion generally warrants granting the relief requested. See M.D.N.C. R. 7.3(k). Moreover, the Clerk specifically warned Plaintiff that her failure to respond to the instant Motion would likely lead to dismissal or a finding of summary judgment for Santander. (See Docket Entry 15 at 1.) Plaintiff has offered no explanation to the Court for said failure. Accordingly, the Court should follow its general rule and enter summary judgment.

In addition, Santander is entitled to summary judgment because there is no genuine issue of material fact. Under Fed. R. Civ. P. 56(a), "[t]he [C]ourt shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In considering that question, the Court "may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000). However, "unsupported speculation is not sufficient to defeat a summary judgment motion if the undisputed evidence indicates that the other party should win as a matter of law." Francis v. Booz, Allen & Hamilton, Inc., 452 F.3d 299, 308 (4th Cir.2006).

In the instant case, a fair reading of Plaintiff's Complaint leads to the conclusion that Plaintiff brings this action against

Santander specifically for violation of 15 U.S.C. § 1681s-2(b). Section 1681s-2(b) pertains to the obligations of an entity in Satander's role when given notice of a dispute. It provides:

> After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall—
>
> (A) conduct an investigation with respect to the disputed information;
>
> (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
>
> (C) report the results of the investigation to the consumer reporting agency;
>
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
>
> (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly—
> (i) modify that item of information;
> (ii) delete that item of information; or
> (iii) permanently block the reporting of that item of information.

15 U.S.C. § 1681s-2(b).

In conjunction with its summary judgment motion, Santander has provided credible evidence showing its compliance with these requirements. Specifically, in the form of the sworn statement of its Senior Vice President for Servicing Operations, Santander has

detailed its investigation into Plaintiff's account. (See Docket Entry 14-1.) Santander has also submitted the original credit application of Plaintiff, complete with Plaintiff's signature and a copy of Plaintiff's driver's license, along with a retail sales installment contract signed by Plaintiff (see id. at 4-8), all of which support its assertion that its investigation properly identified Plaintiff as the holder of the account in question. Plaintiff, by not responding to the instant Motion, has provided no evidence to rebut Santander's showing. Accordingly, because the "undisputed evidence indicates that [Santander] should win as a matter of law," Booz, Allen & Hamilton, 452 F.3d at 308, Santander is entitled to summary judgment.

## Relief Under 15 U.S.C. §§ 1681n(c) and 1681o(b)

Santander also contends that it is entitled to relief in the form of attorney's fees under 15 U.S.C. §§ 1681n(c) and 1681o(b) because Plaintiff filed the Complaint "in bad faith or for purposes of harassment." 15 U.S.C. §§ 1681n(c), 1681o(b). This contention requires the Court to find that Plaintiff "filed an action that was frivolous, unreasonable, or without foundation." Smith v. HM Wallace, Inc., No. 08-22372-CIV, 2009 WL 3179539, at *2 (S.D. Fla. Oct. 1, 2009) (unpublished); see also In re Countrywide Fin. Corp. Customer Data Sec. Breach Litig., No. 3:08-MD-01998, 2010 WL 5147222, at *5 (W.D. Ky. Dec. 13, 2010) (unpublished) (citing same). "Bad faith is 'not simply bad judgment or negligence, but

-6-

implies the conscious doing of a wrong because of a dishonest purpose or moral obliquity; . . . it contemplates a state of mind affirmatively operating with furtive design or ill will.'" Shah v. Collecto, Inc., No. Civ.A.2004-4059, 2005 WL 2216242, *14 (D. Md. Sept. 12, 2005) (unpublished) (quoting Black's Law Dictionary 139 (6th ed. 1990)); see also In re 1997 Grand Jury, 215 F.3d 430, 436 (4th Cir. 2000) (citing same bad faith definition in analysis of sanctions related to criminal complaint filing).

Furthermore, this determination must focus on the plaintiff's mental state at the time of filing. See Rogers v. Johnson-Norman, 514 F. Supp. 2d 50, 52 (D.D.C. 2007) ("It is not enough to show that the 'pleading, motion, or other paper' in question 'later turned out to be baseless.'" (quoting Ryan v. Trans Union Corp., No. 99-216, 2001 WL 185182, at *6 (N.D. Ill. Feb. 26, 2001) (unpublished))). The moving party bears the burden to show entitlement to fees. See Eller v. Experian Info. Solutions, Inc., Civil Action No. 09-cv-00040-WJM-KMT, 2011 WL 3365955, at *18 (D. Colo. May 17, 2011) (unpublished) ("It appears the burden is on the party moving for fees under Sections 1681n or 1681o to demonstrate that they are warranted."); DeBusk v. Wachovia Bank, No. CV 06-0324-PHX-NVW, 2006 WL 3735963, *4 (D. Ariz. Nov. 17, 2006) (unpublished) ("It is the burden of the party moving for fees under § 1681n(c) to demonstrate that they are warranted.").

As grounds for the Court to find the required mens rea, Santander contends that "[t]he [a]ccount is and always was [Plaintiff]'s [a]ccount. She knew that when she filed the Complaint. She knows that she bought the [v]ehicle and that she has continued making payments under the Contract (which she signed) after receiving approval on the Credit Application (which she signed)." (Docket Entry 14 at 9.) The Court should find these inferences from the record insufficient to establish that Plaintiff filed this action in bad faith or for the purpose of harassment, rather than due to confusion or mistake. Accordingly, to the extent Santander requests relief under 15 U.S.C. §§ 1681n(c) and 1681o(b), the instant Motion should be denied.

## Conclusion

On the record of this case, no reason exists to depart from the general rule that Plaintiff's failure to respond to Santander's instant Motion warrants the granting of summary judgment for Santander. See M.D.N.C. R. 7.3(k). Furthermore, because Plaintiff failed to rebut Santander's evidentiary showing, the "undisputed evidence indicates that [Santander] should win as a matter of law." Booz, Allen & Hamilton, 452 F.3d at 308. However, because the record lacks sufficient evidence to support a finding that Plaintiff filed her Complaint "in bad faith or for purposes of harassment," the Court should deny Santander's motion to the extent

it seeks relief in the form of attorney's fees under 15 U.S.C. §§ 1681n(c) and 1681o(b).

**IT IS THEREFORE RECOMMENDED** that Santander Consumer USA, Inc.'s Motion for Summary Judgment (Docket Entry 13) be **GRANTED IN PART** and **DENIED IN PART** in that the Court should enter judgment as a matter of law for Santander and should dismiss this action with prejudice, but the Court should decline to award attorney's fees to Santander under 15 U.S.C. §§ 1681n(c) and 1681o(b).

                                        /s/ L. Patrick Auld
                                          **L. Patrick Auld**
                          **United States Magistrate Judge**

January 30, 2012